JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Skylar R. Bowes and Jared Bowes, minors, by and through their parents and natural guardians, Thomas J. Bowes and Tami Spiegel-Bowes and Thomas J. Bowes and Tami Spiegel Bowes, individually

**DEFENDANTS**
Mattel Inc., Toys "R" Us and Toys "R" Us-Delaware, Inc.

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard N. Shapiro, Esquire
326 West Lancaster Avenue, Suite 200
Ardmore, PA 19003, (610) 649-8800

Attorneys *(If Known)*
John E. Tyrrell, Esquire
Hollstein Keating Cattell Johnson & Goldstein, P.C.
1628 John F. Kennedy Blvd., Suite 2000, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Personal Injury/alleged defective product

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE 1/28/14
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Skylar R. Bowes, et al.     :     CIVIL ACTION

           v.     :

Mattell, Inc., et al.     :     NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( x )

| 1 28 14 | | Mattel, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215 320 3260 | (215 320-3261 | jtyrrell@hollsteinkeating.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _2017 Maplewood Avenue, Abington, PA 19001_

Address of Defendant: _333 Continental Blvd., El Segundo, CA 90245_

Place of Accident, Incident or Transaction: _2017 Maplewood Ave., Abington, PA 19001_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _John E. Tyrell_, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs; _based exclusively on plaintiff's allegations_
☐ Relief other than monetary damages is sought.

DATE: _1/08/14_ _____ _56618_
Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ _____ _____
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2017 Maplewood Avenue, Abington, PA 19001

Address of Defendant: 333 Continental Blvd., El Segundo, CA 90245

Place of Accident, Incident or Transaction: 2017 Maplewood Ave., Abington, PA 19001
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?                                                         Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, John E. Tyrrell, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs; based exclusively on Plaintiff's allegations

☐ Relief other than monetary damages is sought.

DATE: 1/28/14 _____  _____ 56618
Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ _____  _____
Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SKYLAR R. BOWES, a minor by    :
and through her parents and natural   :
guardians, THOMAS J. BOWES and  :    Civil Action 14-
TAMI SPIEGEL-BOWES and THOMAS :
J. BOWES and TAMI SPIEGEL-BOWES, :
individually               :
        and           :
JARED BOWES, a minor by and through :
his parents and natural guardians, THOMAS:
J. BOWES and TAMI SPIEGEL-BOWES :
and THOMAS J. BOWES and TAMI   :
SPIEGEL-BOWES, individually    :
         Plaintiffs     :
        v.            :
MATTEL, INC., and        :
TOYS "R" US, and        :
TOYS "R" US-DELAWARE, INC.   :
        Defendants    :

**DISCLOSURE STATEMENT FORM**

Please check one box:

☒      The nongovernmental corporate party, Defendant Mattel, Inc. in the above listed
civil action does not have any parent corporation and publicly held corporation
that owns 10% or more of its stock.

☐      The nongovernmental corporate party,
In the above listed civil action has the following parent corporation(s)
And publicly held corporation(s) that owns 10% or more of its stock.

**HOLLSTEIN KEATING CATTELL**
**JOHNSON & GOLDSTEIN, P.C.**

Date: January 28, 2014     By: _____
                           John E. Tyrrell 56618
                           1628 John F. Kennedy Blvd., Suite 2000
                           Philadelphia, PA 19103
                           (215) 320-3260
                           E-Mail: jtyrrell@hollsteinkeating.com

{11273.00012:00083853 }

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel hereby certifies that, on this day, a true and correct copy of the foregoing Disclosure Statement was served on the following, via first-class mail, postage pre-paid, addressed as follows:

Richard N. Shapiro, Esquire
326 West Lancaster Avenue
Suite 200
Ardmore, PA 19003

Toys "R" Us
2045 Cottman Avenue
Philadelphia, PA  19149

Toys "R" Us-Delaware, Inc.
One Geoffrey Way
Wayne, NJ  07470

**HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN, P.C.**

Date: January 28, 2014                    By: _____
John E. Tyrrell 56618
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
(215) 320-3260
Attorney for Defendant Mattel, Inc.
E-Mail: jtyrrell@hollsteinkeating.com

{11273.00012:00083853 }

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SKYLAR R. BOWES, a minor by   :
and through her parents and natural  :
guardians, THOMAS J. BOWES and  :  Civil Action 14-
TAMI SPIEGEL-BOWES and THOMAS  :
J. BOWES and TAMI SPIEGEL-BOWES,  :
individually          :
     and       :
JARED BOWES, a minor by and through  :
his parents and natural guardians, THOMAS:
J. BOWES and TAMI SPIEGEL-BOWES  :
and THOMAS J. BOWES and TAMI  :
SPIEGEL-BOWES, individually    :
     Plaintiffs     :
     v.        :
MATTEL, INC., and       :
TOYS "R" US, and       :
TOYS "R" US-DELAWARE, INC.   :
     Defendants    :

## DISCLOSURE STATEMENT FORM

Please check one box:

☒    The nongovernmental corporate party, Defendant Mattel, Inc. in the above listed
     civil action does not have any parent corporation and publicly held corporation
     that owns 10% or more of its stock.

☐    The nongovernmental corporate party,
     In the above listed civil action has the following parent corporation(s)
     And publicly held corporation(s) that owns 10% or more of its stock.

          **HOLLSTEIN KEATING CATTELL**
          **JOHNSON & GOLDSTEIN, P.C.**

Date: January 28, 2014     By: _____
            John E. Tyrrell 56618
            1628 John F. Kennedy Blvd., Suite 2000
            Philadelphia, PA 19103
            (215) 320-3260
            E-Mail: jtyrrell@hollsteinkeating.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on this day, a true and correct copy of the foregoing Disclosure Statement was served on the following, via first-class mail, postage pre-paid, addressed as follows:

Richard N. Shapiro, Esquire
326 West Lancaster Avenue
Suite 200
Ardmore, PA 19003

Toys "R" Us
2045 Cottman Avenue
Philadelphia, PA  19149

Toys "R" Us-Delaware, Inc.
One Geoffrey Way
Wayne, NJ  07470

HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN, P.C.

Date: January 28, 2014

By: _____

John E. Tyrrell 56618
1628 John F. Kennedy Blvd., Suite 2000
Philadelphia, PA 19103
(215) 320-3260
Attorney for Defendant Mattel, Inc.
E-Mail: jtyrrell@hollsteinkeating.com

{11273.00012:00083853 }

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SKYLAR R. BOWES, a minor by     :
and through her parents and natural   :
guardians, THOMAS J. BOWES and  :     Civil Action 14-
TAMI SPIEGEL-BOWES and THOMAS  :
J. BOWES and TAMI SPIEGEL-BOWES, :
individually                     :
          and                 :
JARED BOWES, a minor by and through :
his parents and natural guardians, THOMAS:
J. BOWES and TAMI SPIEGEL-BOWES  :
and THOMAS J. BOWES and TAMI     :
SPIEGEL-BOWES, individually       :
          Plaintiffs         :
          v.                 :
MATTEL, INC., and           :
TOYS "R" US, and            :
TOYS "R" US-DELAWARE, INC.     :
          Defendants      :

## NOTICE OF REMOVAL

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**PLEASE TAKE NOTICE** that defendant Mattel, Inc., by and through its undersigned counsel, Hollstein Keating Cattell Johnson & Goldstein, P.C., hereby notifies this Honorable Court of the removal of the above-captioned civil action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. The basis for removal is more particularly stated as follows:

1. Defendants Mattel, Inc., Toys "R" Us, and Toys "R" Us-Delaware, Inc. are the named defendants in a civil action brought on or about January 7, 2014, in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case NO. 140100378. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. There have been no further proceedings in the Philadelphia Court of Common Pleas and there are no other pleadings of record in that action. A copy of the docket is attached hereto as Exhibit "B".

3. Mattel, Inc. was served with Plaintiff's Complaint on or about January 14, 2014.

4. Toys "R" Us and Toys "R" Us-Delaware, Inc., were served with plaintiff's Complaint no earlier than January 10, 2014.

5. Pursuant to the provisions of Section 1441 and 1446 of Title 28 of the United States Code, defendant removes this action to the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the action was brought.

6. This Notice of Removal is being filed with the Court within thirty (30) days of all Defendants' receipt of the Complaint as provided by 28 U.S.C. § 1446(b).

7. There is complete diversity of citizenship between Plaintiffs and all Defendants in this action, because both at the time of the filing of the state court action and at the time of the filing of this Removal:

    a. Plaintiff, Skylar R. Bowes, is a minor who resides with her parents and legal guardians in Pennsylvania.  See Exhibit "A" at ¶ 1.

    b. Plaintiff Jared Bowes, is a minor who resides with his parents and legal guardians in Pennsylvania. See Exhibit "A" at ¶ 3.

    c. Plaintiffs Thomas J. Bowes and Tami Spiegel-Bowes are adult individuals that are citizens of the state of Pennsylvania.  See Exhibit "A" at ¶ 2.

    d. Defendant, Mattel, Inc. is a corporation organized under the laws of Delaware with its principal place of business in El Segundo, California.

e. Defendant, Toys "R" Us-Delaware, Inc. is a corporation formed under the laws of Delaware with its principal place of business in Wayne, New Jersey.

8. Section 1441(b)(1) provides that in determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names should be disregarded.

9. As affirmatively averred by Plaintiffs, Defendant, Toys "R" Us, is a fictitious name registered with the Pennsylvania corporation bureau which is owned by Toys "R" Us-Delaware, Inc.

10. The written consent to removal of Toys "R" Us and Toys "R" Us-Delaware, Inc., is attached hereto as Exhibit "C".

11. The amount of controversy in the instant action, based on Plaintiffs allegations, exceeds $75,000 exclusive of interest and costs, cumulatively and with respect to each of the plaintiffs. In the Complaint, Plaintiffs demand damages "in excess of Fifty Thousand Dollars ($50,000) for compensatory as well as punitive damages, cost, attorneys' fees".

12. Further evidence of the amount in controversy is the Complaint alleges "catastrophic" and "severe and permanent injuries" to Plaintiff Skylar R. Bowes which resulted in a "perforated rectum, a perforated vagina, a fistula between the anus and vagina, surgical interventions including a colostomy." Exhibit "A" at ¶¶ 28, 33. In addition Plaintiffs Thomas J. Bowes and Tami Spiegel-Bowes allege that they "have and will continue in the future to incur financial expenses or losses including but not limited to lost time from work and resultant the loss of earnings as well as medical bills, on behalf of their minor daughter." Exhibit "A" at ¶ 32. In addition, Plaintiffs allege that Plaintiff Jared Bowes "suffered severe bodily harm, emotional and mental pain, discomfort, and distress all of

which have required medical care and treatment and will continue to require care and treatment into the future." Exhibit "A" at ¶ 75. In addition, Plaintiffs allege that Plaintiff Tami Spiegel-Bowes has been caused to suffer "severe emotional and mental pain, discomfort and distress all of which have required care and treatment and will continue to require care and treatment into the future." Exhibit "A" at ¶ 83.  In addition, each of the Plaintiffs seeks to recover punitive damages.

13. Additional evidence that the amount in controversy in this action exceeds $75,000.00 is the attached Consolidated Statement of Benefits provided to Mattel by plaintiffs' counsel indicating that as of September 6, 2012, benefits in the amount of $60,079.32 had been provided.  See Consolidated Statement of Benefits attached hereto as Exhibit "D".

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and this action is removable pursuant to 28 U.S.C. § 1441.

15. Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because none of the parties in interest properly joined and served as defendant is a citizen of the State of Pennsylvania, the State in which this action was brought.

16. In accordance with 28 U.S.C. § 1446(a), defendant has attached hereto a copy of "all process, pleadings, and orders served" upon them.

**WHEREFORE**, Defendant Mattel, Inc., removes this action from the Court of Common

Pleas of Philadelphia County, Pennsylvania, on this 28th day of January, 2014.

**HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN, P.C.**

Date: January 28, 2014                    By: _____
                                               John E. Tyrrell 56618
                                               1628 John F. Kennedy Blvd., Suite 2000
                                               Philadelphia, PA 19103
                                               (215) 320-3260
                                               E-Mail: jtyrrell@hollsteinkeating.com
                                               Attorney for Defendant Mattel, Inc.

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that, on this day, a true and correct copy of the foregoing Notice of Removal was served on the following via first class mail, addressed as follows:

Richard N. Shapiro, Esquire
326 West Lancaster Avenue
Suite 200
Ardmore, PA 19003

Toys "R" Us
2045 Cottman Avenue
Philadelphia, PA  19149

Toys "R" Us-Delaware, Inc.
One Geoffrey Way
Wayne, NJ  07470

**HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN, P.C.**

Date: January 28, 2014            By: _____
                                  John E. Tyrrell 56618
                                  1628 John F. Kennedy Blvd., Suite 2000
                                  Philadelphia, PA 19103
                                  (215) 320-3260
                                  E-Mail: jtyrrell@hollsteinkeating.com
                                  Attorney for Defendant Mattel, Inc.

# EXHIBIT "A"

Filed and Attested by
PROTHONOTARY
07 JAN 2014 02:53 pm
K. EDWARDS

Richard N. Shapiro, Esquire
Identification No. 26171
326 West Lancaster Avenue
Suite 200                                    ATTORNEY FOR PLAINTIFFS
Ardmore, PA   19003
(610) 649- 8800

_____

SKYLAR R. BOWES, a minor, by          :
and through her parents and natural    :      COURT OF COMMON PLEAS
guardians, THOMAS J. BOWES and        :      OF PHILADELPHIA COUNTY, PA
TAMI SPIEGEL-BOWES and               :
THOMAS  J. BOWES and                 :
TAMI SPIEGEL-BOWES,                  :           TERM 2014
individually                          :
2017 Maplewood Avenue                :
Abington, PA 19001                    :
                                      :
      and                             :
                                      :
                                      :      NO.
JARED BOWES, a minor, by and          :
through his parents and natural        :
guardians, THOMAS J. BOWES and        :
TAMI SPIEGEL-BOWES and               :
THOMAS J. BOWES and TAMI             :
SPIEGEL-BOWES, individually          :
2017 Maplewood Avenue                :
Abington, PA 19001                    :
            Plaintiffs                :
                                      :
      v.                              :

Case ID: 140100378

MATTEL, INC                          :
333 Continental Blvd.                :
El Segundo, CA 90245                 :
                                     :
     and                             :
                                     :
                                     :
TOYS "R" US                          :
2045 Cottman Avenue                  :
Philadelphia, PA 19149               :
                                     :
     and                             :
                                     :
                                     :
TOYS "R" US- DELAWARE, INC.          :
One Geoffrey Way                     :
Wayne, NJ 07470                      :
                    Defendants.      :

## CIVIL ACTION - NOTICE TO DEFEND

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted uede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA EEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO.  VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pa   19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 140100378

## CIVIL ACTION-COMPLAINT
### Product Liability - 2P

1.    Plaintiff, Skylar R. Bowes, is a minor who resides with her parents and legal guardians at 2017 Maplewood Avenue, Abington, Pennsylvania 19001.

2.    Plaintiffs, Thomas J. Bowes and Tami Spiegel-Bowes, husband and wife, are adult individuals residing at 2017 Maplewood Avenue, Abington, Pennsylvania 19001 and are the parents and natural guardians of minor plaintiffs, Skylar R. Bowes and Jared Bowes.

3.    Plaintiff, Jared Bowes, is a minor who resides with his parents and natural guardians at 2017 Maplewood Avenue, Abington, Pennsylvania 19001 and is the brother of plaintiff Skylar R. Bowes.

4.    Defendant, Mattel, Inc, is a corporation organized under the laws of Delaware with its principal place of business at 333 Continental Boulevard, El Segundo, California 90245.

5.    Defendant, Toys "R" Us, is a retail store with its principal place of business being operated at the Cottman Castor Shopping Center located at 2045 Cottman Avenue, Philadelphia, Pennsylvania 19149.

6.    Defendant, Toys "R" Us, is a fictitious name registered with the Pennsylvania corporation bureau which is owned by Toys "R" Us-Delaware, Inc.

7.    Defendant, Toys "R" Us-Delaware, Inc., is a registered Pennsylvania Foreign Corporation with a registered Pennsylvania office address of "Corporation Service Company, c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania, 17110.

8.    Defendant, Toys "R" Us-Delaware, Inc. is a corporation formed under the laws of Delaware with its principal place of business located at One Geoffrey Way, Wayne, New Jersey 07470.

Case ID: 140100378

9.     All Defendants regularly conduct business in the City of Philadelphia, County of Philadelphia, State of Pennsylvania.

10.    Defendant Toys "R" Us - Delaware, Inc. formally registered with the Pennsylvania Corporation Bureau as a "Foreign Business Corporation" so that it could obtain a Certificate of Authority which is required for it to do business in Pennsylvania.

11.    Defendant Toys "R" Us-Delaware, Inc. availed itself upon the laws of Pennsylvania when it formally registered the fictitious name, "Toys "R" Us."

12.    Defendants Toys "R" Us and Toys "R" Us-Delaware, Inc. carried out in the past and continue to carry out continuous and systematic parts of their general business within the city of Philadelphia,  county of Philadelphia, and state of Pennsylvania which is evidenced by their operation of Toys "R" Us retail stores throughout Philadelphia and Pennsylvania and their advertising campaign through print, television, and internet outlets directed at Pennsylvania residents.

13.    Defendants Toys "R" Us and Toys "R" Us-Delaware, Inc.  purposely availed themselves for the privilege of conducting business activities in Pennsylvania.

14.    Defendant Mattel, Inc. is in the business of designing, manufacturing, producing, marketing, and distributing toys throughout the United States including the state of Pennsylvania and county of Pennsylvania.

15.    Defendant Mattel, Inc. utilizes retail store companies such as the defendants Toys "R" Us and Toys "R" Us-Delaware, Inc. to sell its products to consumers within Pennsylvania.

16.    At all times material hereto, Defendant Mattel, Inc. designed, manufactured, produced, marketed, and distributed a children's toy called "WWE Flexforce Colossal Crashdown Arena Playset," item number V1505.

17.     Defendant Mattel, Inc. placed its products including the "WWE Flexforce Colossal Crashdown Arena Playset" (item number V1505),  into the Pennsylvania stream of commerce when its products were distributed and/or sold to defendants Toys "R" Us and Toys "R" Us-Delaware, Inc.  for sale to Pennsylvania consumers.

18.     At all times material hereto, Defendants Toys "R" Us and Toys "R" Us-Delaware, Inc. distributed, marketed, promoted, advertised, and/or sold toys and other Mattel products including the "WWE Flexforce Colossal Crashdown Arena Playset" (Item number V1505) to Pennsylvania consumers.

19.     The Defendants, jointly and severally, placed the "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421 into the stream of commerce without conforming to the industry standards regarding to the design, manufacture, production, inspection, assembly, distribution, sale, and supply of such products.

20.     The Defendants failure to comply with industry standards and the safety requirements of ASTM F963 allowed a dangerous, unsafe and harmful product to enter the market place when it allowed the "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421 to be sold at the Toys "R" Us store located in Philadelphia, Pennsylvania.

21.     Defendants failed to adequately warn Pennsylvania consumers and the intended users of the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, of the substantial risk of harm posed by the rigid, non-collapsible posts contained in the subject toy.

22.     Prior to Christmas day, December 25, 2011, a "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, was purchased at the

Defendant Toys "R" Us store located on Cottman Avenue in Philadelphia as a Christmas present for Plaintiff Jared Bowes by his aunt and uncle.

23.     The product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, was sold with a defective condition and/or manufacturing defect and was unsafe for its intended use when it left the control of the defendants.

24.     On or about January 16, 2012, minor plaintiff's were playing in their playroom with neighbor children while Plaintiff Tami Spiegel-Bowes and her neighbor were in the adjacent living room.

25.     On or about January 16, 2012, Plaintiff Skylar Bowes, then age 5 years, fell onto the "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, from the arm of the couch and sustained severe personal injuries when one of the corner posts of the wrestling ring impaled her causing a perforation.

26.     Prior to Plaintiff Skylar Bowes' fall, Plaintiff Jared Bowes had been playing with the "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, on the floor of the playroom.

27.     Plaintiffs Tami Spiegel-Bowes and Jared Bowes witnessed Plaintiff Skylar Bowes' fall and resultant injury.

28.     As a direct and proximate result of the said incident, Plaintiff Skylar Bowes sustained severe and permanent injuries to the bones, muscles, blood vessels, tissues, nerves, tendons, and nervous system of her body, including but not limited to a perforated rectum, a perforated vagina, a fistula between the anus and vagina, surgical interventions including a colostomy, and severe distress, shock and emotional upset the full extent of which injuries are not yet known and some

or all of which are permanent in nature.

29.    As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants as described in this complaint, Plaintiff Skylar Bowes, has suffered in the past and will continue to suffer in the future excruciating and agonizing aches, pains, mental anguish, humiliation, disfigurement, and limitations, and restrictions of her usual activities, pursuits, and pleasures.

30.    As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants as described in this compliant, Plaintiff Skylar Bowes, has required in the past and will continue to require in the future, medicines, medical care, together with the possibility of undergoing surgical intervention to repair her injuries requiring further hospitalizations, treatment, and rehabilitation and has in the past and will in the future, continue to be compelled to expend large sums of money and incur monetary obligations for such care and treatment.

31.    As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants as described in this compliant, Plaintiff Skylar Bowes has been permanently disabled and will be hindered and damaged in her ability to perform occupational and vocational pursuits with a consequent loss of earnings, earning power, and earning potential, all to plaintiffs' damage.

32.    As a direct and proximate result of the carelessness, recklessness, and negligence of the Defendants as described in this compliant, Plaintiffs Thomas J. Bowes and Tami Spiegel-Bowes, the parents and natural guardians of minor plaintiff Skylar R. Bowes, have and will continue in the future to incur financial expenses or losses including but not limited to lost time from work and resultant the loss of earnings as well as medical bills, on behalf of their minor daughter, which they are entitled to recover.

33.    The events set forth herein which resulted in the catastrophic injuries to the Plaintiff Skylar Bowes were caused solely and exclusively by reason of the negligence, carelessness, recklessness, outrageous conduct, malicious conduct, gross negligence, reckless indifference and other wrongful and liability-producing conduct of all of the Defendants herein, both jointly and severally.

34.    Defendants allowed the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, to enter the stream of commerce when they knew that the said toy was inherently dangerous.

35.    Defendants knew or should have known that the Consumer Product Safety Commission had previously recalled a similar wrestling ring because children had been injured due to being impaled on a corner post and despite this knowledge the defendants did not notify consumers of the dangers associated with the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, when they injected it into the stream of commerce.

36.    Defendants's conduct shows a reckless indifference to the users of the toy including the plaintiffs and all Pennsylvania consumers.

37.    Defendants' conduct constitutes the type of intentional, malicious, willful, wanton, and outrageous conduct that warrants an award of punitive damages to Plaintiff.

## COUNT I
### Strict Liability
*Plaintiffs v. Defendants*

38.    Plaintiffs hereby incorporate each of the preceding paragraphs within the pleading as if each were set forth more fully herein.

Case ID: 140100378

39.    All of the resultant losses, damages, and injuries sustained by the Plaintiffs resulted directly and proximately from the conduct of the Defendants subjecting them to strict liability due to defective design, manufacturing defect, and failure to warn, as follows:

a.    The defendants, in regular course of designing, fabricating, manufacturing, distributing and selling the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, placed the subject product in the stream of commerce where it would be purchased and used by the plaintiffs;

b.    The defendants, in regular course of designing, fabricating, manufacturing, distributing and selling the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, placed the subject product in the stream of commerce in an unreasonably dangerous condition;

c.    The defendants placed the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421,  in the stream of commerce in the same condition in which the defendants tested, manufactured, designed, and inspected same;

d.    The subject product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, was designed in such a way that when used as intended, it has the potential to cause serious, permanent, and devastating damage to its users;

e.    The defendants acted unreasonably in the design of the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, in that Defendants failed to adopt a safer design for the toy that was practical, feasible, and otherwise a reasonable alternative design that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product;

f.    When the defendants placed the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 9542, into the stream of the commerce, the product was unsafe for its intended use when it left the defendants' control;

g. The subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number  27084 95421, does not perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable to Defendants;

h. There were safer alternative designs for the subject toy which in reasonable probability would have prevented or significantly reduced the risk of the personal injuries suffered by plaintiffs herein without substantially impairing the product's utility and such safer alternative designs were economically and technologically feasible at the time the subject toy left the control of the defendants;

i. The defendants failed to comply with the safety requirements of ASTM F963 when they designed, fabricated, manufactured, distributed, and sold the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number  27084 9542;

j. The defective condition of the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number  27084 95421, caused the plaintiff Skylar Bowes' injuries, existed at the time Defendants designed, tested, inspected, manufactured, fabricated, distributed, and sold this product;

k. The defective condition of the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number  27084 95421 proximately caused the incident and the injuries sustained by the Plaintiff Skylar Bowes;

l. The Defendants, jointly and severally, placed the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421 into the stream of commerce without conforming to the industry standards regarding to the design, manufacture, production, inspection, assembly, distribution, sale, and supply of such products;

m. At the time of the injury, the product,  "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421 was not being used in an unintended manner by the plaintiffs;

n. The subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number  27084 95421, contained manufacturing defects in that the defendants failed to manufacture the product in a manner that protected children, the intended users, from being impaled on the rigid corner posts of the toy, and in fact, defendants manufactured the product such that it created a dangerous condition;

o.   The subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, contained no warnings, or in the alternative, inadequate warnings as to the risk of impalement caused by the rigid, non-collapsible posts contained in the toy;

p.   Defendants acted unreasonably in failing to provide adequate warnings;

q.   The impalement risk was known or should have been known to the Defendants and the defendants' failure to provide adequate warnings to consumers and intended users created an unreasonably dangerous condition in that the defendants knew or should have known that the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, posed a substantial risk of harm; and

r.   The subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, left the Defendants' control without an adequate warning or instruction, thereby creating an unreasonably dangerous condition even though Defendants knew or should have known that the subject toy posed a substantial risk of harm to consumers including plaintiffs.

40.   Defendants's conduct shows a reckless indifference to the users of the toy including the plaintiffs and all Pennsylvania consumers because the Defendants knew or should have known that the Consumer Product Safety Commission had previously recalled a similar wrestling ring because children had been injured due to being impaled on a corner post and despite this knowledge the defendants did not notify consumers of the dangers associated with the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, when they injected it into the stream of commerce.

41.   Had the Plaintiffs received proper or adequate warnings as to the risks associated with the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, Plaintiffs would not have used the product.

42.   Defendants' conduct constitutes the type of intentional, malicious, willful, wanton, and outrageous conduct that warrants an award of punitive damages to Plaintiff.

43.     Pursuant to Restatement of Torts, Second, Section 402A, the injuries and damages suffered by the Plaintiffs were the direct and proximate result of the failure to warn as well as the defective nature and condition, defective design, and/or manufacture defect of the product, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421.

44.     At all times relevant herein, the subject product,  "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, was in a defective condition and was dangerous to foreseeable users using it for ordinary and intended purposes in an ordinary, intended and foreseeable manner and as set forth in the paragraphs of this Complaint.

45.     As a direct and proximate result of the design defect, manufacturing defect, and failure to warn, Plaintiffs suffered the injuries and damages as set forth in this Complaint including but not limited to bodily injury, disability, pain and suffering, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for enjoyment of life, costs of medical care and other expenses, loss of earnings, and loss of ability to earn money, all of which damages and losses will continue into the future.

46.     As a direct and proximate result of the conduct of the Defendants, jointly and severally, Plaintiffs suffered the injuries and damages as set forth in the Complaint.

Wherefore, the Plaintiffs demand judgment in their favor and against the defendants, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory damages as well as punitive damages, cost, attorneys' fees, and such other relief as the Court may deem just, equitable, and proper.

**COUNT II**
**Breach of Warranties**
*Plaintiffs v. Defendants*

47.     Plaintiffs hereby incorporate each of the preceding paragraphs within the pleading as if each were set forth more fully herein.

48.     At all times material hereto, defendants were  merchants with respect to the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, as well as manufacturers, distributers, advertisers, promoters, and sellers of the subject toy.

49.     At all times material hereto, the Plaintiffs were foreseeable users of the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421.

50.     All of the losses, damages, and injuries suffered by the plaintiffs as found in this complaint are the direct and proximate result of the Defendants' breach of express and implied warranties of merchantability and/or fitness for a particular purpose concerning the toy,  "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, as follows:

    a.     Defendants did not have the product adequately and properly tested prior to its use;

    b.     the product was not fit for ordinary purpose for which the product is customarily used;

    c.     the Defendants knew or should have known that the product was dangerous and likely to cause damage to users;

    d.     the product was not of merchantable quality and was not in conformity, insofar as safety is concerned, with products used in a normal course of business;

e.   Defendants represented through its labeling, advertising, and marketing materials that the subject toy was safe and fraudulently withheld and concealed information about the substantial risks of serious injury associated with the use of the subject toy;

f.   the Defendants knew or should have known that in order to make the product safe for use, it should have been provided with appropriate safety devices and/or safety measures;

g.   the Defendants knew of should have known, that due to the inherently dangerous nature of the design of the product, it should have provided warnings on the product to protect users;

h.   that the product was not properly and adequately tested and inspected by the Defendants in order to provide a safe product;

i.   the product was not of fair, average quality in the trade in which defendant dealt;

j.   the Defendants did not keep abreast of the state of the art in the science and engineering of the industry involving labeling and the construction of the product;

k.   the Defendants did not disclose to the users of the product, such as plaintiffs, that the product was defectively and/or unreasonably designed, thereby making the product dangerous to use;

l.   the Defendants knew or should have known that Plaintiff s were relying upon the expertise of the Defendants in designing, fabricating, manufacturing, labeling and/or supplying the product;

m.   in expressly or impliedly warranting that the product was properly and/or adequately tested and inspected when the same was not true;

n.   in expressly or impliedly warranting that the product was safe for use;

o.   in expressly or impliedly misrepresenting that the product was safe for use; and

p.   in expressly or impliedly warranting that the product was safe for use in compliance with the safety standards of the industry and of the federal government and the state, county, and city governments insofar as said safety standards govern the design, fabrication and manufacture of said products.

51.   Defendants, individually, jointly, and/or severally, expressly warranted in the sale of the

subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail

bar code number 27084 95421, to its buyer that said product was safe, merchantable, and fit for

Case ID: 140100378

its intended use and purposes.

52.     Defendants implicitly warranted in the sale of the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, to its buyer that said product was safe, merchantable and fit for its intended use and purposes.

53.     In reliance upon the Defendants' express and implied warranties, plaintiffs used the subject toy as intended and/or in a foreseeable manner.

54.     Defendants breached their implied warranty to plaintiffs in that the subject toy was not of merchantable quality, safe and fit for its intended or foreseeable use, or adequately tested in violation of Pennsylvania law.

55.     The injuries and damages of Plaintiffs as found in this Complaint are the direct result and proximate result of the joint and/or several breach of the express and/or implied warranties by Defendants that the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, was safe, merchantable, and fit for its intended uses and purposes in that it did not have any or all of these attributes.

56.     As a direct and proximate result of the breach of these express and implied warranties, the Plaintiffs have suffered the injuries set forth in this Complaint even though the subject toy was being used in the intended manner at the time the injuries were sustained by plaintiffs.

57.     As a result of the injuries set forth in this Complaint, the Plaintiffs have sustained the damages as set forth in the Complaint.

Wherefore, the Plaintiffs demand judgment in their favor and against the defendants, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory damages as well as punitive damages, cost, attorneys' fees, and such other relief as the Court may deem just, equitable, and proper.

Case ID: 140100378

## COUNT IV
## Negligence
*Plaintiffs, Thomas J. Bowes and Tami Spiegel-Bowes, Individually and as*
*Parents and Natural Guardians of Skylar Bowes, minor v. Defendants*

58.     Plaintiffs hereby incorporate each of the preceding paragraphs within the pleading as if each were set forth more fully herein.

59.     At all times relevant hereto, it was the duty of the Defendants to warn the plaintiffs of the non-open and non-obvious dangerous condition of the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421.

60.     At all times relevant hereto, it was the duty of the Defendants to warn the Plaintiffs of the unreasonable risks associated with the rigid, non-collapsing posts contained in the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421.

61.     At all times relevant hereto, it was the duty of the Defendants to design, manufacture, fabricate, distribute, and sell the subject toy,  "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, in accordance with industry standards and ASTM F963.

62.   All of the resultant losses, injuries, and damages sustained by the Plaintiffs resulted directly and proximately from the reckless, wanton, careless, and negligent conduct of the defendants, in the following particulars:

   a.      In failing to know or choosing to ignore that the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, posed an unreasonable risk of bodily harm to its intended users due to the rigid, non-collapsing posts contained in the toy;

   b.      In failing to keep abreast of the state of the art in science, engineering, and specific machine industry in connection with the design of a safe product;

c. In creating and/or allowing a dangerous condition to exist in and/or on the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421;

d. In failing to warn and/or adequately warn the plaintiffs of the dangerous conditions of the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421;

e. In failing to place the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, into the stream of commerce in a reasonably safe condition;

f. In failing to place the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, into the stream of commerce in a condition that did not pose an unreasonable risk of harm to its purchasers and/or it intended users including the plaintiffs;

g. In distributing and selling the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, to Pennsylvania consumers when Defendants knew that the rigid, non-collapsing posts contained in the toy created a dangerous condition;

h. In failing to exercise reasonable care to protect minor plaintiff, Skylar Bowes, from the dangerous condition created by the rigid, non-collapsing posts contained in the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421;

i. In failing to properly and adequately provide protective devices and safety features on the product to prevent injuries such as plaintiff Skylar Bowes' injuries;

j. In failing to properly design the subject toy in order to avoid injuries caused by impalement;

k. In failing to disclose to purchasers and users that the subject toy was defectively and unreasonably designed, thereby making it dangerous to use;

l. In failing to properly and adequately mark the subject toy so that users would be aware of the potential ability of a child to become impaled on the rigid, non-collapsible corner posts;

m. In failing to properly and adequately test or inspect the subject toy in order to insure that its corner posts would not cause a child to become impaled by the toy;

n. In failing to properly and adequately design, fabricate, manufacture, distribute, label, supply, and/or sell the subject toy in a safe condition;

Case ID: 140100378

o.   In failing to provide adequate warnings or cautions or directions concerning the dangers and limitations of the subject toy;

p.   In failing to comply with ASTM F963, United States Regulations, and industry standards in the design, manufacture, fabrication, distribution, and selling of the subject toy,  "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421;

q.   In failing to notify consumer's of the dangers associated with the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, when Defendants knew or should have known that the Consumer Product Safety Commission had previously recalled a similar wrestling ring because children had been injured due to being impaled on a corner post; and

r.   In failing to use that degree of care, skill, foresight, and caution required under the circumstances and/or by law.

63.   At all times relevant hereto, the injuries and damages sustained by the Plaintiffs, as set forth herein, were foreseeable to defendants.

64.   Defendants's conduct shows a reckless indifference to the users of the toy including the plaintiffs and all Pennsylvania consumers.

65.   Defendants' conduct constitutes the type of intentional, malicious, willful, wanton, and outrageous conduct that warrants an award of punitive damages to Plaintiff.

66.   As a sole, direct, legal, and proximate result of the Defendants' negligent, reckless, wanton, and careless conduct as stated in this Complaint, Plaintiff Skylar Bowes sustained severe and permanent injuries to the bones, muscles, blood vessels, tissues, nerves, tendons, and nervous system of her body, including but not limited to a perforated rectum, a perforated vagina, a fistula between the anus and vagina, surgical interventions including a colostomy, and severe distress, shock and emotional upset the full extent of which injuries are not yet known and some or all of which are permanent in nature.

Case ID: 140100378

67.     As a sole, direct, legal, and proximate result of the Defendants' negligent, reckless, wanton, and careless conduct as stated in this Complaint, Plaintiff Skylar Bowes, has suffered in the past and will continue to suffer in the future excruciating and agonizing aches, pains, mental anguish, humiliation, disfigurement, and limitations, and restrictions of her usual activities, pursuits, and pleasures.

68.     As a sole, direct, legal, and proximate result of the Defendants' negligent, reckless, wanton, and careless conduct as stated in this Complaint, Plaintiff Skylar Bowes has required in the past and will continue to require in the future, medicines, medical care, together with the possibility of undergoing surgical intervention to repair her injuries requiring further hospitalizations, treatment, and rehabilitation and has in the past and will in the future, continue to be compelled to expend large sums of money and incur monetary obligations for such care and treatment.

69.     As a sole, direct, legal, and proximate result of the Defendants' negligent, reckless, wanton, and careless conduct as stated in this Complaint, Plaintiff Skylar Bowes has been permanently disabled and will be hindered and damaged in her ability to perform occupational and vocational pursuits with a consequent loss of earnings, earning power, and earning potential, all to plaintiffs' damage.

70.     As a sole, direct, legal, and proximate result of the Defendants' negligent, reckless, wanton, and careless conduct as stated in this Complaint, Plaintiffs Thomas J. Bowes and Tami Spiegel-Bowes, the parents and natural guardians of minor plaintiff Skylar R. Bowes, have and will continue in the future to incur financial expenses or losses including but not limited to lost time from work and resultant the loss of earnings as well as medical bills on behalf of their minor daughter, which they are entitled to recover.

Wherefore, the Plaintiffs demand judgment in their favor and against the defendants, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory damages as well as punitive damages, cost, attorneys' fees, and such other relief as the Court may deem just, equitable, and proper.

## COUNT V
### Negligent Infliction of Emotional Distress
*Plaintiffs, Thomas J. Bowes and Tami Spiegel-Bowes, as Parents and Natural Guardians of Jared Bowes, minor v. Defendants*

71.    Plaintiffs hereby incorporate each of the preceding paragraphs within the pleading as if each were set forth more fully herein.

72.    Plaintiff Jared Bowes, a minor, was in the playroom with his younger sister, plaintiff Skylar Bowes, and witnessed his sister fall and become impaled on his toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421.

73.    Plaintiff Jared Bowes, a minor, witnessed the harm sustained by his younger sister, plaintiff Skylar Bowes, as fully set forth in this complaint.

74.    As a direct and proximate result of witnessing said incident caused by the Defendants negligent, reckless, and careless conduct as fully set forth in this complaint, Plaintiff Jared Bowes has been caused to suffer severe fear, anxiety, guilt, and emotional distress which has manifested itself psychologically, emotionally, and physically which may continue for an indefinite period of time in the future.

75.    As a direct and proximate result of the fear, anxiety, guilt, and emotional distress suffered due to the witnessing the said incident which was caused by the negligence, carelessness, and recklessness of the defendants, minor-plaintiff, Jared Bowes, suffered severe bodily harm,

emotional and mental pain, discomfort, and distress all of which have required medical care and treatment and will continue to require care and treatment into the future.

76.     As a direct and proximate result of the fear, anxiety, guilt, and emotional distress suffered due to the witnessing the said incident which was caused by the negligence, carelessness, and recklessness of the defendants, minor-plaintiff, Jared Bowes, has sustained, is sustaining, and will continue to sustain a loss of the everyday pleasures and enjoyments of life.

77.     The injuries complained of by minor plaintiff, Jared Bowes, were and are a foreseeable consequence of the defect in the design, manufacture, distribution, and placement of the subject toy,  "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, into the stream of commerce.

Wherefore, the Plaintiff Jared Bowes, a minor, by and through his parents and natural guardians, Thomas J. Bowes and Tami Spiegel-Bowes,  demand judgment in his favor and against the defendants, jointly and severally, in an amount in excess of fifty thousand dollars ($50,000.00) for compensatory damages as well as costs, attorneys' fees, and such other relief as the Court may deem just, equitable, and proper.


## COUNT VI
### Negligent Infliction of Emotional Distress
*Plaintiff Tami Spiegel-Bowes v. Defendants*

78.     Plaintiffs hereby incorporate each of the preceding paragraphs within the pleading as if each were set forth more fully herein.

79.     Plaintiff Tami Spiegel-Bowes was in the adjacent room when her daughter, minor plaintiff Skylar Bowes, became impaled on the toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421.

80.    Plaintiff Tami Spiegel-Bowes observed the harm sustained by her daughter, plaintiff Skylar Bowes, as fully set forth in this complaint.

81.    Plaintiff Tami Spiegel-Bowes attended to her daughter and provided medical treatment to plaintiff Skylar Bowes, a minor, immediately after she was impaled on the subject toy.

82.    As a direct and proximate result of observing said incident caused by the Defendants negligent, reckless, and careless conduct as fully set forth in this complaint, Plaintiff Tami Spiegel- Bowes has been caused to suffer bodily harm, severe fear, anxiety, guilt, and emotional distress which has manifested itself psychologically, emotionally, and physically which may continue for an indefinite period of time in the future.

83.    As a direct and proximate result of the fear, anxiety, guilt, and emotional distress suffered due to observing the said incident which was caused by the negligence, carelessness, and recklessness of the defendants, plaintiff Tami Spiegel-Bowes, suffered severe emotional and mental pain, discomfort, and distress all of which have required care and treatment and will continue to require care and treatment into the future.

84.    As a direct and proximate result of the fear, anxiety, guilt, and emotional distress suffered due to observing said incident which was caused by the negligence, carelessness, and recklessness of the defendants, plaintiff Tami Spiegel-Bowes has sustained, is sustaining, and will continue to sustain a loss of the everyday pleasures and enjoyments of life.

85.    The injuries complained of by plaintiff Tami Spiegel-Bowes were and are a foreseeable consequence of the defect in the design, manufacture, distribution, and placement of the subject toy, "WWE Flexforce Colossal Crashdown Arena Playset" (Item Number V1505), retail bar code number 27084 95421, into the stream of commerce.

Wherefore, the Plaintiff Tami Spiegel-Bowes demands judgment in her favor and against

Case ID: 140100378

the defendants, jointly and severally, in an amount in excess of fifty thousand dollars

($50,000.00) for compensatory damages as well as punitive damages, cost, attorneys' fees, and

such other relief as the Court may deem just, equitable, and proper.

By:_____

RICHARD N. SHAPIRO, ESQUIRE
Attorney for Plaintiffs

**VERIFICATION**

We, Thomas J. Bowes and Tami R. Spiegel-Bowes, as parents and legal guardians of Skylar Bowes (a minor) verify that the statements made in the foregoing Complaint are true and correct to the best of our knowledge, information and belief, and make these statements subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

Date: 12/25/13

Thomas J. Bowes, Parent and Legal
Guardian of Skylar Bowes

Date: 12/25/13

Tami Spiegel-Bowes, Parent and Legal
Guardian of Skylar Bowes

Case ID: 140100378

## VERIFICATION

Richard N. Shapiro, Esquire verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief, and make these statements subject to the penalties of 18 Pa.C.S., Section 4904, relating to unsworn falsification to authorities.

_____
Richard N. Shapiro, Esquire
Attorney for Plaintiffs

Date: _____

Case ID: 140100378

# EXHIBIT "B"



No Items in Cart    **LOGIN**

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 140100378 |
| **Case Caption:** | BOWES ETAL VS MATTEL, INC. ETAL |
| **Filing Date:** | Tuesday , January 07th, 2014 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | PRODUCT LIABILITY |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SHAPIRO, RICHARD N |
| **Address:** 326 W. LANCASTER AVENUE SUITE 200 ARDMORE PA 19003 (610)649-8800 | **Aliases:** *none* | | | |
| 2 | 1 | | PLAINTIFF | BOWES, SKYLAR R |
| **Address:** 2017 MAPLEWOOD AVENUE ABINGTON PA 19001 | **Aliases:** *none* | | | |
| 3 | 1 | | PLAINTIFF | BOWES, THOMAS J |

| | | | | |
|---|---|---|---|---|
| **Address:** | 2017 MAPLEWOOD AVENUE ABINGTON PA 19001 | **Aliases:** | *none* | |
| | | | | |
| 4 | 1 | | PLAINTIFF | SPIEGEL-BOWES, TAMI |
| **Address:** | 2017 MAPLEWOOD AVENUE ABINGTON PA 19001 | **Aliases:** | *none* | |
| | | | | |
| 5 | 1 | | PLAINTIFF | BOWES, JARED |
| **Address:** | 2017 MAPLEWOOD AVENUE ABINGTON PA 19001 | **Aliases:** | *none* | |
| | | | | |
| 6 | | | DEFENDANT | MATTEL, INC. |
| **Address:** | 333 CONTINENTAL BLVD. EL SEGUNDO CA 90245 | **Aliases:** | *none* | |
| | | | | |
| 7 | | | DEFENDANT | TOYS "R" US |
| **Address:** | 2045 COTTMAN AVENUE PHILADELPHIA PA 19149 | **Aliases:** | *none* | |
| | | | | |
| 8 | | | DEFENDANT | TOYS "R" US - DELAWARE, INC |
| **Address:** | ONE GEOFFREY WAY WAYNE NJ 07470 | **Aliases:** | *none* | |
| | | | | |
| 9 | | | TEAM LEADER | FOX, IDEE C |
| **Address:** | 656 City Hall PHILADELPHIA PA 19107 (215)686-4222 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 07-JAN-2014 02:53 PM | ACTIVE CASE | | | 08-JAN-2014 09:22 AM |
| Docket Entry: | E-Filing Number: 1312043512 | | | |
| | | | | |
| 07-JAN-2014 02:53 PM | COMMENCEMENT OF CIVIL ACTION | SHAPIRO, RICHARD N | | 08-JAN-2014 09:22 AM |
| Documents: | ⚒ Click link(s) to preview/purchase the documents Final Cover | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| Docket Entry: | *none.* | | | |
| | | | | |
| 07-JAN-2014 02:53 PM | COMPLAINT FILED NOTICE GIVEN | SHAPIRO, RICHARD N | | 08-JAN-2014 09:22 AM |
| Documents: | ⚒ Click link(s) to preview/purchase the documents Bowes complaint.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 07-JAN-2014 02:53 PM | SHERIFF'S SURCHARGE 3 DEFTS | SHAPIRO, RICHARD N | | 08-JAN-2014 09:22 AM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 07-JAN-2014 02:53 PM | WAITING TO LIST CASE MGMT CONF | SHAPIRO, RICHARD N | | 08-JAN-2014 09:22 AM |
| Docket Entry: | *none.* | | | |

# EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SKYLAR R. BOWES, a minor by          :
and through her parents and natural   :
guardians, THOMAS J. BOWES and       :      Civil Action 14-
TAMI SPIEGEL-BOWES and THOMAS        :
J. BOWES and TAMI SPIEGEL-BOWES,     :
individually                          :
            and                     :
JARED BOWES, a minor by and through  :
his parents and natural guardians, THOMAS :
J. BOWES and TAMI SPIEGEL-BOWES      :
and THOMAS J. BOWES and TAMI         :
SPIEGEL-BOWES, individually          :
          Plaintiffs               :
          v.                       :
MATTEL, INC., and                    :
TOYS "R" US, and                     :
TOYS "R" US-DELAWARE, INC.           :
          Defendants               :

## AFFIDAVIT OF CONSENT TO REMOVAL

Defendants Toys "R" Us and Toys "R" Us-Delaware, Inc., co-defendants in this action, consent to the Removal of this action by Defendant, Mattel, Inc. and state as follows:

1.     Both at the time of the filing of the state court action and at the time of filing of this Removal, Defendant Toys "R" Us-Delaware, Inc. is a corporation formed under the laws of Delaware with its principal place of business located at One Geoffrey Way, Wayne, NJ  07470.

2.     Both at the time of the filing of the state court action and at the time of filing of this Removal, Defendant Toys "R" Us is a fictitious name registered with the Pennsylvania Corporation Bureau which is owned by Toys "R" Us-Delaware, Inc.

3.     Toys "R" Us and Toys "R" Us-Delaware, Inc. were served with Plaintiffs' Complaint no earlier than January 10, 2014.

4.      Defendants Toys "R" Us-Delaware, Inc. and Toys "R" Us consent to the removal of this action by Defendant Mattel, Inc.

I certify that the above statements are true.

Respectfully submitted,

By: _____

Name: _____

Title: _____

Sworn to and Subscribed

before me this 28th day

of January, 2014.

_____
Notary Public

Louise C. Sciacca
Notary Public
New Jersey
My Commission Expires 2/28/2018

{11273.00012:00084354 }

# EXHIBIT "D"

HEALTHCARE RECOVERIES
P.O. Box 34060
Louisville, Kentucky 40232-4060

FEDERAL TAX ID: 61-1141758
TELEPHONE NUMBER: (877) 638-0922
PAGE 1 OF 2

## CONSOLIDATED STATEMENT OF BENEFITS

| PATIENT'S NAME: | SKYLAR BOWES | |
|---|---|---|
| DATE OF INJURY: | 1/16/2012 | **Subject to change.** |
| SERVICE PERIOD: | 1/16/2012-3/1/2012 | |
| EVENT NUMBER: | 7931662-7930861 | |

**Instructions:**
- If remitting payment, make checks payable to: Healthcare Recoveries.
- Write the patient's name, SKYLAR BOWES, and event number, 7931662-7930861, on the check.

| Provider of Service<br>Date of Service | Diagnosis Code<br>Procedure Code(s) | Claim Number | Provided Benefits |
|---|---|---|---|
| **ABINGTON MEMORIAL H** | **569.83 PERFORATION INT** | 1C03221210503VR | |
| 1/16/2012 | 300 LABORATORY | | $0.00 |
| 1/16/2012 | 250 PHARMACY | | $0.00 |
| 1/16/2012 | 636 PHARMACY | | $0.00 |
| 1/16/2012 | 305 LABORATORY | | $0.00 |
| 1/16/2012 | 250 PHARMACY | | $0.00 |
| 1/16/2012 | 450 EMERGENCY ROOM | | $0.00 |
| 1/16/2012 | 301 LABORATORY | | $0.00 |
| 1/16/2012 | 250 PHARMACY | | $0.00 |
| 1/16/2012 | 450 EMERGENCY ROOM | | $0.00 |
| 1/16/2012 | 320 RADIOLOGY - DIAGNO | | $577.00 |
| 1/16/2012 | 450 EMERGENCY ROOM | | |
| **ABINGTON PEDIATRIC** | **863.45 RECTUM INJURY C** | 1A02211207492 | |
| 1/16/2012 | 99245 OFFICE CONSULTAT | | $288.51 |
| | **863.45 RECTUM INJURY C** | 1A04031207233 | |
| 1/17/2012 | 57410 PELVIC EXAMINATI | | $69.73 |
| 1/17/2012 | 44605 REPAIR BOWEL LES | | $1228.90 |
| **CHCA EMERGENCY MEDI** | **863.45 RECTUM INJURY C** | 1A02061228718 | |
| 1/16/2012 | 99285 EMERGENCY DEPT V | | $439.43 |
| **CHCA HEMATOLOGY AND** | **795.79 NONSPEC IMMUNOL** | 1A03051215793 | |
| 1/16/2012 | 86077 PHYSICIAN BLOOD | | $111.72 |
| **CHILDREN'S HOSPITAL** | **863.99 GI INJURY OTHER** | 1C06051211112VR | |
| 1/16/2012 | 250 PHARMACY | | $0.00 |
| 1/16/2012 | 305 LABORATORY | | $0.00 |
| 1/16/2012 | 250 PHARMACY | | $0.00 |
| 1/16/2012 | 402 OTHER IMAGING SERV | | $0.00 |
| 1/16/2012 | 424 PHYSICAL THERAPY | | $0.00 |
| 1/16/2012 | 434 OCCUPATIONAL THERA | | $0.00 |
| 1/16/2012 | 272 MEDICAL/SURGICAL S | | $0.00 |
| 1/16/2012 | 540 AMBULANCE | | $0.00 |
| 1/16/2012 | 270 MEDICAL/SURGICAL S | | $0.00 |
| 1/16/2012 | 420 PHYSICAL THERAPY | | $0.00 |
| 1/16/2012 | 430 OCCUPATIONAL THERA | | $0.00 |
| 1/16/2012 | 361 OPERATING ROOM SER | | $0.00 |
| 1/16/2012 | 320 RADIOLOGY - DIAGNO | | $0.00 |

HEALTHCARE RECOVERIES
P.O. Box 34060
Louisville, Kentucky  40232-4060

FEDERAL TAX ID: 61-1141758
TELEPHONE NUMBER: (877) 638-0922
PAGE 2 OF 2

## CONSOLIDATED STATEMENT OF BENEFITS

| PATIENT'S NAME: | SKYLAR BOWES | |
|---|---|---|
| DATE OF INJURY: | 1/16/2012 | **Subject to change.** |
| SERVICE PERIOD: | 1/16/2012-3/1/2012 | |
| EVENT NUMBER: | 7931662-7930861 | |

**Instructions:**
- If remitting payment, make checks payable to: Healthcare Recoveries.
- Write the patient's name, SKYLAR BOWES, and event number, 7931662-7930861, on the check.

| Provider of Service / Date of Service | Diagnosis Code / Procedure Code(s) | Claim Number | Provided Benefits |
|---|---|---|---|
| 1/16/2012 | 450 EMERGENCY ROOM | | $0.00 |
| 1/16/2012 | 370 ANESTHESIA | | $0.00 |
| 1/16/2012 | 300 LABORATORY | | $0.00 |
| 1/16/2012 | 681 | | $0.00 |
| 1/16/2012 | 250 PHARMACY | | $0.00 |
| 1/16/2012 | 360 OPERATING ROOM SER | | $0.00 |
| 1/16/2012 | 123 ROOM & BOARD - SEM | | $8888.00 |
| 1/16/2012 | 119 ROOM & BOARD - PRI | | $44440.00 |
| | **863.45 RECTUM INJURY C** | 1B04171202078 | |
| 3/1/2012 | 270 MEDICAL/SURGICAL S | | $35.73 |
| 3/1/2012 | 320 RADIOLOGY - DIAGNO | | $238.20 |
| 3/1/2012 | 320 RADIOLOGY - DIAGNO | | $389.46 |
| **CHILDRENS ANES ASSO** | **863.45 RECTUM INJURY C** | 1A01231215860VOID | |
| 1/16/2012 | 00840 ANESTH SURG LOWE | | $0.00 |
| 1/16/2012 | 99140 EMERGENCY ANESTH | | $0.00 |
| | **863.45 RECTUM INJURY C** | 1C05011239002VR | |
| 1/16/2012 | 99140 EMERGENCY ANESTH | | $156.46 |
| 1/16/2012 | 00840 ANESTH SURG LOWE | | $821.43 |
| **CHILDRENS ANESTHESI** | **863.45 RECTUM INJURY C** | 1C05211222027VR | |
| 1/17/2012 | 99475 PEDIATRIC CRIT C | | $1893.43 |
| | **863.45 RECTUM INJURY C** | 1C05211222026VR | |
| 1/18/2012 | 99233 SUBSEQUENT HOSPI | | $271.81 |
| **CSA LTD GEN SURGERY** | **863.45 RECTUM INJURY C** | 1A02131225974 | |
| 2/10/2012 | 99214 OFFICE/OUTPATIEN | | $134.80 |
| **RADIOLOGY ASSOC OF** | **863.45 RECTUM INJURY C** | 1C05211222042VR | |
| 1/20/2012 | 74020 X-RAY EXAM ABDOM | | $94.71 |

| **Total Benefits Provided** | **$60,079.32** | **Amount Received** | **$0.00** |
|---|---|---|---|
| | | **Balance Due** | **$60,079.32** |